IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NELSON JEFTE BARAHONA AMAYA | * |
| 6312 20th Avenue | * |
| Hyattsville, Maryland 20782 | * |
| | * |
| And | * |
| | * |
| HERSON BARAHONA AMAYA | * |
| 6312 20th Avenue | * |
| Hyattsville, Maryland 20782 | * |
| | * |
| And | * |
| | * |
| JACOB ORLANDO RIVERA | * |
| 3602 Shepherd Street | * |
| Mount Rainer, Maryland 20712 | * |
| | * |
| And | * |
| | * |
| RAFAEL RUVEN RIVERA | * |
| 3602 Shepherd Street | * |
| Mount Rainer, Maryland 20712 | * |
| | * |
|     PLAINTIFFS, | * |
| | * |
| v. | *      Civil Action No.: |
| | * |
| SCAFFOLD RESOURCE, LLC | * |
| 4240 Headwaters Lane | * |
| Olney, Maryland 20832 | * |
| | * |
| Serve:  Corporation Service Company | * |
| 1090 Vermont Avenue, NW | * |
| Washington, DC 20005 | * |
| | * |
|     and | * |
| | * |
| NATIONAL INDUSTRIES, INC. | * |
| 130 Hampshire Road | * |
| Essex, Maryland 21221 | * |
| | * |
| Serve:  Henry Velasquez | * |
| 130 Hampshire Road | * |
| Essex, Maryland 21221 | * |

And

| | |
|---|---|
| FIVE STARS BUILDERS CORPORATION | * |
| 35 Helmsman Court | * |
| ESSEX, MARYLAND 21221 | * |
| | * |
| Serve: Edgar Torres | * |
| 35 Helmsman Court | * |
| Essex, Maryland 21221 | * |
| | * |
| DEFENDANTS. | * |

*****************************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Nelson Jefte Barahona Amaya ("J. Amaya"), Herson Barahona Amaya ("H. Amaya"), Jacob Orlando Rivera ("J. Rivera"), and Rafael Ruven Rivera ("R. Rivera") (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, hereby submit their Collective Action Complaint against Defendants Scaffold Resource, LLC ("SR"), National Industries, Inc. ("NI"), and Five Stars Builders Corporation ("FSB") (collectively, "Defendants"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"); the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. as set forth below.

## PARTIES AND JURISDICTION

1.    Plaintiffs[1] are adult residents of the State of Maryland who at all times performed a substantial amount of scaffolding and related construction work duties for Defendants in the District of Columbia and the state of Maryland.

2.    SR is a limited liability company formed under the laws of the State of Maryland with its principal place of business in Olney, Maryland.  SR regularly and substantially engages in providing construction related work duties in the District of Columbia as well as the State of Maryland.

3.    NI is a corporation formed under the laws of the State of Maryland with its principal place of business in Essex, Maryland.  NI regularly and substantially engages in providing construction related work duties in the District of Columbia as well as the State of Maryland.

4.    FSB is a corporation formed under the laws of the State of Maryland with its principal place of business in Essex, Maryland.  FSB regularly and substantially engages in providing construction related work duties in the District of Columbia as well as the State of Maryland.

5.    Defendants were each Plaintiff's "employer," "successor employer," or "joint employer."

6.    Defendants were collectively Plaintiffs' "integrated enterprise employer."

7.    Defendants each, and collectively, acted substantially to recruit and hire Plaintiffs, and others similarly situated, to fulfill each of the Defendants' scaffolding and related job duties and obligations.

---

[1] By acting as the named Plaintiffs herein, Plaintiff hereby consent to participate as Plaintiffs in a collective action under the FLSA.

8.      During the period of Plaintiffs' employment, each of the Defendants provided Plaintiffs, and others similarly situated, with all necessary tools and equipment required to perform work duties for Defendants including, but not limited to, badges identifying Plaintiffs and others as "employees" of each of the Defendants.

9.      Throughout the course of Plaintiffs' employment, each of the Defendants, acting as an employer, joint employer, or successor employer, controlled and supervised the work performed by Plaintiffs and all others similarly situated.

10.      Throughout the course of Plaintiffs' employment, each Defendant's supervisors were regularly and customarily present in Plaintiffs' work area on a daily or near-daily basis.

11.      Throughout the course of Plaintiffs' employment, each Defendant's supervisors and staff trained Plaintiffs and other similarly situated individuals and assisted Plaintiffs and others in the performance of their work duties.

12.      Regularly throughout the course of Plaintiffs' employment, each Defendant's supervisors and agents interacted with Plaintiffs.  During these interactions, each Defendant's supervisors and agents spoke either directly with Plaintiffs or through other bilingual employees.

13.      At all times throughout the course of Plaintiffs' employment, each of the Defendants had the authority to control the work of Plaintiffs and others similarly situated, and each of the Defendants had the power and authority to change the course of Plaintiffs' work duties.

14.      At all times throughout the course of Plaintiffs' employment, Plaintiffs recognized each Defendant's authority and obeyed each Defendant's instructions.

15.     At some time during Plaintiffs' employment in or about 2012, Defendant FSB acted to create the outward appearance to cease operating, on information and belief, to avoid legal liabilities it incurred while in existence.

16.     At or about that time, FSB's owners and officers continued the operation of FSB, under the name and business operation of NI.

17.     NI is liable in this litigation as Plaintiffs' employer and as a corporate successor of FSB as NI is merely a fraudulent continuation of FSB evidenced by the fact that:

   *     On information and belief, NI and FSB share a common identify of officers, directors, and stockholders;

   *     On information and belief, business and construction services that NI holds out to sale and service to the public are identical to those held out for sale and service to the public by FSB;

   *     On information, FSB created the appearance that it ceased operations and its officers and owners continued business operations and contracts as NI only to frustrate the efforts of the several creditors seeking legal redress against FSB;

   *     The employees (including Plaintiffs and other similarly situated), owners, managers, and officers of NI are nearly identical to those of FSB; and

   *     NI either performs services or is attempting to perform substantially similar services for the exact clientele as FSB.

18.     All Defendants were Plaintiffs' "employers" and the employers of other similar situated individual for purposes of the FLSA, DCMWA, DCWPA, MWHL, and MWPCL.

19.     During Plaintiffs' employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

20.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)) and Plaintiffs were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

22.     N. Amaya was employed by Defendants from about November 2011 through about February 2012 and again from about September 2012 through the present. While in Defendants' employ, N. Amaya has worked continuously and substantially in the District of Columbia and the State of Maryland as a scaffolder, primarily on Federal Government Contracts. While in Defendants' employ, N. Amaya has regularly worked for (40) or more hours per week, including wholly uncompensated pre-liminary and post-liminary driving duties. For all compensated hours worked by while in Defendants' employ, including compensated overtime hours worked each week in excess of forty (40), Defendants' paid N. Amaya at his regular hourly rate of $17.00 per hour. At no time did Defendants pay N. Amaya at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

23.     H. Amaya was employed by Defendants from about November 2011 through about July 25, 2013. While in Defendants' employ, N. Hmaya worked continuously and substantially in the District of Columbia and the State of Maryland as a scaffolder, primarily on Federal Government Contracts. While in Defendants' employ, H. Amaya regularly worked for (40) or more hours per week, including wholly uncompensated pre-liminary and post-liminary driving duties. For all compensated hours worked by while in Defendants' employ, including compensated overtime hours worked each week in excess of forty (40), Defendants' paid H. Amaya at his regular hourly rate of $18.00 per hour. At no time did Defendants pay N. Amaya at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

24.     J. Rivera is currently employed by Defendants and has been employed since about January 5, 2013. While in Defendants' employ, J. Rivera has worked continuously and substantially in the District of Columbia and the State of Maryland as a scaffolder, primarily on Federal Government Contracts. While in Defendants' employ, J. Rivera has regularly worked for (40) or more hours per week, including wholly uncompensated pre-liminary and post-liminary driving duties. For all compensated hours worked by while in Defendants' employ, including compensated overtime hours worked each week in excess of forty (40), Defendants' paid J. Rivera at his regular hourly rate of $15.00 per hour. At no time did Defendants pay J. Rivera at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

25.     R. Rivera is currently employed by Defendants and has been employed since about January 5, 2013. While in Defendants' employ, R. Rivera has worked continuously and substantially in the District of Columbia and the State of Maryland as a scaffolder, primarily on

Federal Government Contracts.  While in Defendants' employ, R. Rivera has regularly worked for (40) or more hours per week, including wholly uncompensated pre-liminary and post-liminary driving duties.  For all compensated hours worked by while in Defendants' employ, including compensated overtime hours worked each week in excess of forty (40), Defendants' paid R. Rivera at his regular hourly rate of $15.00 per hour.  At no time did Defendants pay J. Rivera at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

26.    During Plaintiffs' term of employment with Defendants, Defendants' promised and explicitly agreed to pay Plaintiffs and other similarly situated individuals at hourly rates prescribed for scaffolders, on all Federal Government Contracts, consistent with the required rates as set forth under the Davis Bacon Act, 40 U.S.C.A. § 3141, *et seq.* ("Davis Bacon").

27.    Despite Defendants' promise and agreement to pay Plaintiffs and others at the rates prescribed for scaffolders by Davis Bacon, Defendants failed and refused to pay Plaintiffs at their promised and agreed upon Davis Bacon rates for all hours worked (including overtime and non-overtime hours worked).  Instead, Defendants paid Plaintiffs, for all hours worked, at Plaintiffs' above referenced rate which were always the lower than the scaffolder rate designated by Davis Bacon.

28.    The consequence of Defendants' scheme to pay Plaintiffs less than their promised and agreed upon Davis Bacon rates for all hours worked was that Defendants failed and refused to pay Plaintiffs all wages earned and owed at the end of Plaintiffs' employment with Defendants.

29.    As set forth above, while in Defendants' employ, Plaintiffs worked, and were instructed by Defendants to work, hours in excess of forty (40) hours per week.

30.     Defendants, however, refused to pay Plaintiffs at the rate of one-and-one-half (1½) times their promised Davis Bacon scaffolder or carpenter rate for hours worked per week in excess of forty (40).

31.     At no time while in Defendants' employ did Plaintiffs perform work that meets the definition of exempt work under the FLSA, DCMWA, or MWHL.

32.     Defendants' failure to pay Plaintiffs all wages earned, promised, and owing at or before the end of Plaintiffs' employment with Defendants and overtime at the overtime rate prescribed by Federal, Maryland, and District of Columbia law was willful, intentional, and not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs are pursuing this action as a FLSA and DCMWA collective action on behalf of themselves and all other similarly situated individuals who performed scaffolding and construction related work duties for Defendants.

34.     In the present case, the questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.  The essence of this entire collective action case is that the Plaintiffs and other similarly situated individuals were not paid overtime wages in compliance with the overtime compensation requirements of Federal and District of Columbia law.

35.     Common to Plaintiffs and all class members is that each individual received overtime compensation from Defendants at a rate less than what is required by Federal and District of Columbia Law.

36.     In the present case, the number of class members is believed to exceed thirty (30) current and former employees of Defendants.

37. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

38. Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they: (1) worked hours of overtime for Defendants; (2) were not paid for overtime hours as prescribed by Federal and District of Columbia Law; (3) did not perform work which would qualify them as exempt from the overtime requirements of Federal and District of Columbia Law, and (4) who are not currently parties to this lawsuit either because they are not aware of their rights under Federal and District of Columbia Law or because they are afraid that Defendants will retaliate against them or they will lose their employment with Defendants if they join this collective action lawsuit.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

39. Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-38 above, as if each were set forth herein.

40. The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

41. At all times, Plaintiffs were "employees" covered by the FLSA, and each of the Defendants were Plaintiffs' "employers" under the FLSA.

42.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked at the overtime rate equal to  the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate of pay for overtime hours worked each week in excess of forty (40).

43.     Plaintiffs worked overtime hours in excess of forty (40) hours per week (including non-compensated pre-liminary and post-liminary driving time) while in Defendants' employ and Defendants had knowledge of all hours Plaintiffs worked and suffered or permitted Plaintiffs to work all hours herein alleged.

44.     At no time during Plaintiffs' employment were Plaintiffs paid at the rate of one-and-one-half (1½) times either Plaintiffs promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40).

45.     Plaintiffs are entitled to, and are owed, overtime pay in the amount of the difference between the amount Plaintiffs were paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiffs promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular hourly rate for all hours worked each week in excess of forty (40).

46.     Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by the FLSA for overtime hours worked.

47.     Defendants' failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

48.　　Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-47 above, as if each were set forth herein.

49.　　Plaintiffs were "employees" and each of the Defendants were Plaintiffs' "employers" within the meaning of the DCMWA.

50.　　Pursuant to the DCMWA, Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked at the overtime rate of the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate of pay for overtime hours worked each week in excess of forty (40).

51.　　Plaintiffs worked overtime hours substantially in the District of Columbia in excess of forty (40) hours per week (including non-compensated pre-liminary and post-liminary driving time) on a consistent and regular basis while in Defendants' employ and Defendants had knowledge of all hours Plaintiffs worked and suffered or permitted Plaintiffs to work all hours herein alleged.

52.     At no time during Plaintiffs' employment were Plaintiffs paid at the rate of one-and-one-half (1½) times either Plaintiffs promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40).

53.     Plaintiffs are entitled to, and are owed, overtime pay in the amount of the difference between the amount Plaintiffs were paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiffs promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular hourly rate for all hours worked each week in excess of forty (40).

54.     Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by the DCMWA for numerous overtime hours worked.

55.     Defendants' failure and refusal to pay compensation as required by the DCMWA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs (and all others similarly situated who have joined in this suit) under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### Maryland Wage and Hour Law

56.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-55 above, as if each were set forth herein.

57.     Plaintiffs were "employees" and each of the Defendants were Plaintiffs' "employers" within the meaning of the MWHL.

58.     Pursuant to the MWHL, Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for overtime hours worked at the overtime rate of the higher of one-and-one-half (1½) times Plaintiffs' regular rate of pay or one-and-one-half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate of pay for overtime hours worked each week in excess of forty (40).

59.     Plaintiffs worked overtime hours substantially in the state of Maryland in excess of forty (40) hours per week (including non-compensated pre-liminary and post-liminary driving time) on a consistent and regular basis while in Defendants' employ and Defendants had knowledge of all hours Plaintiffs worked and suffered or permitted Plaintiffs to work all hours herein alleged.

60.     At no time during Plaintiffs' employment were Plaintiffs paid at the rate of one-and-one-half (1½) times either Plaintiffs promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40).

61.     Plaintiffs are entitled to, and are owed, overtime pay in the amount of the difference between the amount Plaintiffs were paid for overtime hours worked each week in excess of forty (40) and the higher of one-and-one half (1½) times Plaintiffs' promised and agreed upon Davis Bacon rate or one-and-one half (1½) times Plaintiffs' regular hourly rate for all hours worked each week in excess of forty (40).

62.     Defendants have failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by the MWHL for numerous overtime hours worked.

63.     Defendants' failure and refusal to pay compensation as required by the MWHL was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT IV
### Violation of D.C. Wage Payment and Wage Collection Act

64.    Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-63 above, as if each were set forth herein.

65.    Plaintiffs were "employees," and each of the Defendants were Plaintiffs' "employers" within the meaning of the DCWPA.

66.    Under the DCWPA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages promised for work that Plaintiffs performed.

67.    "Wages" are defined under DCWPA as, "monetary compensation after lawful deductions, owed by an employer for labor or services rendered…"

68.    Plaintiffs worked many hours for Defendants in the District of Columbia (including non-compensated pre-liminary and post-liminary driving time) for which Defendants' failed and refused to pay Plaintiffs all wages promised and agreed at Plaintiffs' Davis Bacon rate for job duties performed at or before the end of Plaintiffs' employment with Defendants.

69.    Defendants owe Plaintiffs back wages equal to the difference between the rate Defendants' paid Plaintiffs for hours worked and the Davis Bacon rate Plaintiffs' were promised and agreed to under the DCWPA.

70.     Defendants' failure and refusal to pay Plaintiffs all wages promised and agreed to at or before the end of Plaintiffs' employment with Defendants as required by the DCWPA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count IV, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT V
### Violation of D.C. Wage Payment and Wage Collection Act

71.     Plaintiffs re-allege and reassert each and every allegation set forth in Paragraphs 1-70 above, as if each were set forth herein.

72.     Plaintiffs were "employees," and each of the Defendants were Plaintiffs' "employers" within the meaning of the MWPCL.

73.     Under the MWPCL, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiffs all wages promised for work that Plaintiffs performed.

74.     The MWPCL defines "wage" as "all compensation that is due to an employee for employment,"… including, "(i) a bonus; (ii) a commission; (iii) a fringe benefit; (iv) **overtime wages**; or (v) **any other remuneration promised for service."** (emphasis added).

75.     Plaintiffs worked many hours for Defendants in the State of Maryland (including non-compensated pre-liminary and post-liminary driving time) for which Defendants' failed and refused to pay Plaintiffs all wages promised and agreed at Plaintiffs' Davis Bacon rate for job duties performed at or before the end of Plaintiffs' employment with Defendants.

76.     Defendants owe Plaintiffs back wages equal to the difference between the rate Defendants' paid Plaintiffs for hours worked and the Davis Bacon rate Plaintiffs' were promised and agreed to under the MWPCL.

77.     Defendants' failure and refusal to pay Plaintiffs all wages promised and agreed to at or before the end of Plaintiffs' employment with Defendants as required by the MWPCL was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs under Count V, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in the amount of three times (3x) Plaintiffs' unpaid wages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiffs*